**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **In re:** | **Chapter 7** |
| **POLISHED.COM INC., *et al.*,**[1] | **Case No. 24-10353 (TMH)** |
| **Debtor.** | |
| **GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of POLISHED.COM INC., *et al.*,** | **Adversary No. 26-50102 (TMH)** |
| | **JURY TRIAL DEMAND** |
| **Plaintiff,** | |
| **v.** | |
| **GM ENTERPRISE CORP.,** | |
| **Defendant.** | |

**ANSWER TO COMPLAINT FOR BREACH OF CONTRACT, ACCOUNT STATED, UNJUST ENRICHMENT, AND TURNOVER OF ESTATE PROPERTY**

GM Enterprise Corp. (referred to hereafter as "Defendant") files this answer (the "Answer") to the *Complaint for Breach of Contract, Account Stated, Unjust Enrichment, and Turnover of Estate Property [Adv. Docket No. 1]* (the "Complaint")[2] filed by George L. Miller, as the chapter 7 trustee (referred to hereafter as "Plaintiff") for the bankruptcy estates of Polished.Com Inc., *et al.* (the "Debtors"), in the above-captioned adversary proceeding, and alleges as follows:

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number are: Polished.com Inc. (3938); 1 Stop Electronics Center, Inc. (9485); AC Gallery Inc. (3629); Appliances Connections Inc. (8366);Gold Coast Appliances, Inc. (1575); Joe's Appliances LLC (8354); Superior Deals Inc. (0096); and YF Logistics LLC (8373).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Complaint.

**WITH RESPECT TO BACKGROUND**

1. Defendant admits the allegations set forth in paragraph 1 of the Complaint.

**WITH RESPECT TO THE PARTIES**

2. Defendant admits the allegations set forth in paragraph 2 of the Complaint.

3. Defendant admits the allegations set forth in paragraph 3 of the Complaint.

**WITH RESPECT TO JURISDICTION AND VENUE**

4. Defendant admits the allegations set forth in paragraph 4 of the Complaint.

5. Defendant admits the allegations set forth in paragraph 5 of the Complaint.

6. With respect to Plaintiff's allegations in paragraph 6 of the Complaint, the Defendant states through Defendant's undersigned counsel, pursuant to Local Bankruptcy Rule 7008-1, that Defendant does not consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution, and the Defendant expressly reserves and asserts Defendant's right to a jury trial under the Seventh Amendment of the United States Constitution.

7. Defendant admits the allegations set forth in paragraph 7 of the Complaint.

**WITH RESPECT TO BASIS FOR RELIEF REQUESTED**

8. Defendant admits the allegations set forth in paragraph 8 of the Complaint.

**WITH RESPECT TO FACTS**

9. Defendant admits the allegations set forth in paragraph 9 of the Complaint.

10. Defendant admits that it had a business relationship with the Debtors. The Defendant further admits that the details for its business relationship with the Debtors are best set forth in any contract between the parties, actual invoices, purchase orders, and other business documents, and bills of lading accounting for any alleged deliveries upon the part of the Debtors. The Defendant denies the balance of the allegations set forth in paragraph 10 of the Complaint.

11. The Defendant admits the allegations set forth in the first two clauses of the first sentence of paragraph 11 of the Complaint (up to the “and”). The Defendant denies the balance of the allegations set forth in paragraph 11 of the Complaint.

**WITH RESPECT TO FIRST CLAIM FOR RELIEF**
**(Breach of Contract)**

12. The allegations contained in paragraph 12 of the Complaint re-allege the allegations set forth in paragraphs 1 through 11 of the Complaint, and therefore

no additional response is required. To the extent a response is required, Defendant repeats and re-alleges its responses to each and every allegation contained in the preceding paragraphs as though fully set forth herein.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

**WITH RESPECT TO SECOND CLAIM FOR RELIEF**
**(Account Stated)**

22. The allegations contained in paragraph 22 of the Complaint re-allege the allegations set forth in paragraphs 1 through 21 of the Complaint, and therefore no additional response is required. To the extent a response is required, Defendant repeats and re-alleges its responses to each and every allegation contained in the preceding paragraphs as though fully set forth herein.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

**WITH RESPECT TO THIRD CLAIM FOR RELIEF**
**(Unjust Enrichment)**

28. The allegations contained in paragraph 28 of the Complaint re-allege the allegations set forth in paragraphs 1 through 27 of the Complaint, and therefore no additional response is required. To the extent a response is required, Defendant

repeats and re-alleges its responses to each and every allegation contained in the preceding paragraphs as though fully set forth herein.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

**WITH RESPECT TO FOURTH CLAIM FOR RELIEF**
**(Turnover of Property – 11 U.S.C. § 542(b))**

34. The allegations contained in paragraph 34 of the Complaint re-allege the allegations set forth in paragraphs 1 through 33 of the Complaint, and therefore no additional response is required. To the extent a response is required, Defendant repeats and re-alleges its responses to each and every allegation contained in the preceding paragraphs as though fully set forth herein.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

## **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense**
**(Failure to State a Claim – Bankruptcy Rule 7012)**

43. The Complaint fails to state a claim against Defendant upon which relief may be granted.

### **Second Affirmative Defense**
**(Doctrine of Estoppels, Waiver, and Unclean Hands)**

44. Plaintiff is precluded from any recovery under the Complaint by virtue of the doctrines of estoppels, waivers, and unclean hands.

**<u>Third Affirmative Defense</u>**
**(Defenses in Fed.R.Civ.P. 8(c) (1) and Section 547(c) of the Bankruptcy Code)**

45. Plaintiff's claims are barred by the affirmative defenses set forth in Federal Rules of Civil Procedure 8(c)(1) (which include: accord and satisfaction; arbitration and award; assumption of risk; contributory negligence; duress; estoppels; failure of consideration; fraud; illegality; injury by fellow servant; laches; license; payment; release; *res judicata*; statute of frauds; statute of limitations; and waiver) and the applicable Bankruptcy Rule, and in Section 547(c) of the Bankruptcy Code.

**<u>Fourth Affirmative Defense</u>**
**(Defensive Setoff and/or Recoupment)**

46. To the extent that Defendant has any liability, the Defendant submits that such liability is subject to defensive setoff and/or recoupment pursuant to section 553 of the Bankruptcy Code, and applicable state laws, and/or pursuant to the doctrine of defensive recoupment under applicable Federal and state law.

**<u>Fifth Affirmative Defense</u>**
**(No Property of the Debtors' Estates Was Transferred to the Defendant)**

47. The items allegedly transferred by the Defendant were from third parties. Since such items were from third parties, there was no transfer of property of the Debtors' estates.

**<u>DEFENDANT'S RESERVATION OF RIGHTS</u>**

48. Defendant reserves the right to assert additional defenses based upon further investigation or discovery.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by way of the Complaint;

2. That the Complaint be dismissed with prejudice in its entirety;

3. For costs of suit and attorneys' fees incurred herein; and

4. For such other and further relief as the Court may deem just and proper.

Dated: April 15, 2026

LAW OFFICE OF CURTIS A. HEHN

/s/ Curtis A. Hehn
Curtis A. Hehn (Bar No. 4264)
1007 N. Orange St., 4th Floor
Wilmington, DE 19801
Telephone: (302) 757-3491
Fax: (302) 351-7214
Email: curtishehn@comcast.net

*Counsel for Defendant GM Enterprise Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2026, I, upon behalf of Defendant GM Enterprise Corp., electronically filed the annexed *Answer to Complaint for Breach of Contract, Account Stated, Unjust Enrichment, and Turnover of Estate Property* (the "Answer"), using the ECF system, which will send notification of such filing by operation of the Court's electronic system to counsel for the Plaintiff. Parties may access this filing via the Court's electronic system.

By: /s/ Curtis A. Hehn
Curtis A. Hehn